# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| PHOENIX CAPITAL GROUP HOLDINGS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 1:23-cv-00209 |
| INCLINE ENERGY PARTNERS, L.P. | § § § | |
| Defendant. | § | |

**DECLARATION OF CHARLENE C. KOONCE IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS BASED ON
ABSTENTION, OR ALTERANATIVELY, MOTION TO TRANSFER VENUE**

1. My name is Charlene C. Koonce. I have personal knowledge of the matters set forth in this Declaration, I am of sound mind, and I am otherwise competent to testify to these matters.

2. I have been licensed to practice law in Texas since 1991 and am admitted to practice before all state and federal courts in Texas as well as the Fifth and Eleventh Circuit Courts of Appeal. I am a partner with Brown Fox PLLC, and one of the attorneys who represent Incline Energy Partners, L.P., in this lawsuit.

3. In addition to serving as a full-time student intern for Judge Sidney Fitzwater, a United States District Judge in the Northern District of Texas for one semester during law school, following graduation from Pepperdine School of Law with honors, I worked as an associate at Gibson Dunn & Crutcher for four years, and more than twenty years at Scheef & Stone, LLP, where I became the firm's first female equity partner. Before joining Brown Fox, PLLC in July 2021, I also served as the Staff Attorney for the Chief Justice of the Dallas Court of Appeals. I specialize in complex business litigation and government enforcement receivership matters. I have

- 1 -

represented large and small companies and individuals in litigation matters in all federal districts in Texas, and pro hac vice in approximately twenty federal courts outside of Texas. I have also served as or represented government enforcement receivers—and thus the Court's agent—in more than three dozen federal cases in Texas, California, and Florida.

4. In addition to this lawsuit, I also represent Francis and Incline Energy Partners, LP in a related lawsuit pending in state court, *Phoenix Capital Group Holdings, LLC v. William Francis and Incline Energy Partners, L.P.*, Cause No. DC 22-06350 in the 116th Judicial District Court for Dallas County, and Appeal No. 05-22-01260-CV, in the Fifth District Court of Appeals (the "State Case").

5. I also represent Francis, individually, in a lawsuit filed by Adam Ferrari, *Ferrari v. Francis,* Case No. 23-CV-455, in the in the United States District Court for the Northern District of Texas ("Texas Federal Case").

6. A true and correct copy of the Plaintiff Phoenix Capital Group Holdings, LLC's ("Phoenix") Original Petition, which was filed in Cause No. DC-22-06350, in the 116th District Court Dallas County, Texas, on June 15, 2022, is attached as **Exhibit A-1**. Additionally, a true and correct copy of the docket from the Texas State Case is attached as **Exhibit A-2**.

7. In the Texas State Case, Incline moved to dismiss Phoenix's claims premised on the TEX. CIV. PRAC. & REM. CODE § 27.003 (the Texas Citizen's Participation Act, "the TCPA")**.**

8. Notably, to eliminate expensive discovery on claims that are improper, while a TCPA motion is pending, unless the trial court expressly authorizes discovery in furtherance or response to the motion, discovery is stayed.

9. A true and correct copy of the Declaration of Mary Ann Sobel, submitted by Incline in the Texas State Case in support of its Motion to Dismiss is attached as **Exhibit A-3.** Ms. Sobel

had represented Incline in prior litigation against Ferrari and the companies he controls and authenticated his criminal records.

10. During a hearing, Phoenix judicially admitted that its claims rested solely on two communications: the FIBT communication and the Taylor email. (The admission is discussed in Incline's appellate briefing and is supported by a transcript of the hearing).

11. After extensive briefing and two hearings, the Texas State Court dismissed several of Phoenix's claims, including tortious interference with contract premised on the same FIBT email at issue here. A true and correct copy of the order granting in part, Incline's TCPA motion is attached as **Exhibit A-4**. Incline then appealed the partial denial of the remaining claims.

12. The Texas Appellate Court dismissed all remaining claims except defamation per se and remanded that claim for the trial court's consideration, still within the context of the TCPA, of Incline's affirmative defense of privilege. A true and correct copy of the Texas State Court appellate decision is attached as **Exhibit A-5.**

13. After extensive briefing and two hearings, the Texas State Court dismiss several of Phoenix's claims, including tortious interference with contract premised on the same FIBT email at issue here. Incline then appealed the partial denial of the remaining claims.

14. Lacking any viable path to success in the Texas State Case, while the appeal was pending, Ferrari individually sued Francis in a Texas Federal Court. When Francis defended the same claim raised in that lawsuit as in the Texas State Case by demonstrating the truth of Ferrari's status as a felon, Ferrari moved to seal the docket and his criminal records. A true and correct copy of the Order Denying Motion to Seal, Dkt. 31, from the Texas Federal Case is attached as **Exhibit A-6**.

15.	A true and correct copy of the First Amended Complaint filed in the Texas Federal Case, Dkt. 7, is attached as **Exhibit A-7**.

16.	The judge presiding over the Texas Federal Case stayed discovery until seven days after she ruled on Francis's Rule 12(b)(6) motion to dismiss Ferrari's Amended Complaint, to also allow time for the appellate court to rule on the pending appeal. Further, at a status conference before she issued her scheduling order, the judge observed the similarities between the two cases and recognized that a decision in the Texas State Case would, at a minimum, "inform" the outcome in the Texas Federal Case.

17.	On October 31, 2023, the judge denied Francis's Rule 12(b)(6) motion.

18.	In the Texas Federal Case, Ferrari now seeks discovery on many issues that relate to Phoenix's alleged damages, and which are far outside of the one-year limitations period for his defamation claim.  Incline will address these issues with the Texas Federal Case judge.

19.	 A chart comparing the allegations in the two Texas cases and this one is included as **Exhibit A-8**.

20.	Immediately after Incline conferred with Phoenix regarding this motion and discussed the import of res judicata based on the Texas State Case, Phoenix's Texas counsel conferred about an extension in which to appeal the Texas Appellate Decision to the Texas Supreme Court.  Review in that court is wholly discretionary.

21.	 In defending this matter through the Motion to Dismiss based on Abstention, as well as its Rule 12(b)(6) motion to dismiss, Incline has incurred more than $30,000 in attorney's fees.  My billable rate is $450 per hour an associate whose time is billed at $325 per hour has also provided assistance in this matter. I have billed the majority of the time spent on this matter and have billed more than 80 hours preparing and researching these two lengthy motions.   These rates

and fees are customary and reasonable for attorneys with comparable experience, who practice in the Northern District of Texas, and the time expended was reasonable and necessary for the work that was required to prepare these briefs.

      22.     I declare under penalty of perjury that the foregoing is true and correct.

November 27, 2023

                                                     *Charlene Koonce*
                                                  CHARLENE C. KOONCE