UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| PHOENIX CAPITAL GROUP HOLDINGS, LLC<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>INCLINE ENERGY PARTNERS, L.P.<br><br>　　　　　　　　　　　　　Defendant. | Case No. 1:23-cv-00209 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT ADDITIONAL FILINGS RELATED TO PENDING MOTIONS TO DISMISS**

Pursuant to D.N.D. Civ. L.R. 7.1(C), Plaintiff Phoenix Capital Group Holdings, LLC ("Phoenix") submits this memorandum in support of its motion for leave to submit additional filings relating to Defendant Incline Energy Partners, L.P.'s ("Incline Energy") pending motions to dismiss/transfer (Dkt. Nos. 6, 8, 10; the "Motions"). Specifically, Phoenix requests leave to file supplemental briefs in opposition to each of the Motions. Good cause exists for this request, based on (1) newly discovered facts that expose the false and misleading nature of Incline Energy's jurisdictional/transfer arguments and the declaration of William Francis submitted in purported support thereof; and (2) the appearance of new counsel on behalf of Phoenix, whose investigation indicates there are additional grounds for denial of the Motions which the Court should consider to ensure a ruling based on all of the applicable facts and law. In the alternative, and in the interests of conserving the resources of the Court and parties, Phoenix requests that the Court hold the Motions in abeyance pending the filing and resolution of Phoenix's anticipated motion for leave to file an amended complaint.

At the heart of Incline Energy's challenge to personal jurisdiction and venue is the declaration of its Managing Partner, William Francis. *See* Dkt. No. 9-10. Mr. Francis' declaration would have the Court believe that Incline Energy has virtually no ties to, or business activities in,

North Dakota. *See, e.g., id.*, at ¶ 3 (describing offices in Texas and Colorado), ¶ 4 (claiming "no employees or agents in North Dakota"), ¶ 5 (claiming no oil/gas interests in North Dakota). But Incline Energy's January 2024 initiation of proceedings against Phoenix before the North Dakota Industrial Commission (the "Commission") paints a very different picture. *See* Ex. 1.[1] There, Incline Energy asks the Commission to protect Incline Energy's ownership interest in land located in Divide County, North Dakota. *See id.*, ¶¶ 1, 8. Further investigation into these statements and into related "other entities" managed by Mr. Francis (Dkt. No. 9-10, ¶ 2) demonstrate Incline Energy's deep and significant ties to North Dakota. For example:

- Incline Energy and its related entities managed by Mr. Francis (e.g., "Incline Bakken Minerals II" and "Incline Bakken II") appear to own or lease the oil, gas, and mineral rights for *hundreds* of properties located in North Dakota (*see, e.g.,* Exs. 2, 3; *see also* Ex. 1);

- Incline Energy's website—which identifies "Incline Energy Partners, L.P." as the owner in the site's footer—displays a map of Incline Energy's "Areas of Interest" and "Current Incline Asset Ownership," showing a heavy concentration of assets in North Dakota (*see* Ex. 4 (https://inclinelp.com/)); and

- Incline Energy hired a North Dakota attorney based in Bismarck, ND, to act on its behalf (i.e., as its agent) in the Commission proceeding (Ex. 1).

The failure to mention any of these ties to North Dakota in Incline Energy's briefing or Mr. Francis' declaration (or any correction thereto), appears to be intentionally misleading. And to the extent Incline Energy is taking the too-clever-by-half position that some of the relevant contacts with North Dakota may be technically attributable to one of its sister or parent companies run by Mr. Francis (notwithstanding the fact of, and representations made in, Incline Energy's pending application to the Commission), that would be a quintessential basis for an amended complaint, not dismissal or transfer. Indeed, the above-enumerated facts (and others being discovered by Phoenix and its new counsel) will likely warrant the filing of an amended Complaint pursuant to Fed. R. Civ. Proc. 15(a)(2), which provides that courts "should freely give leave when justice so requires."

---

[1] All exhibits are attached to the Declaration of John T. Ryan submitted concurrently herewith.

Phoenix requests that the Court allow Phoenix to file a supplemental brief in opposition to each of the Motions.  And while investigation is not yet complete, Phoenix intends to promptly move for leave to amend upon completion of its new counsel's investigation.  If granted, that motion would moot the Motions by superseding the Complaint-at-issue in the Motions.  Accordingly, Phoenix alternatively requests that the Court hold the Motions in abeyance pending the filing and resolution of Phoenix's anticipated motion for leave to file an amended complaint.

Dated: February 23, 2024

By: /s/ Ronald H. McLean

Ronald H. McLean (ND #03260)
Ian R. McLean (ND #07320)
SERKLAND LAW FIRM
10 Roberts Street North
Fargo, ND 58102-4982
Phone: 701.232.8957
Fax: 701.237.4049
imclean@serklandlaw.com
rmclean@serklandlaw.com

and

John T. Ryan *(admitted Pro Hac Vice)*
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
Phone: 858.523.5400
jake.ryan@lw.com

Andrew R. Gray *(admitted Pro Hac Vice)*
Latham & Watkins LLP
650 Town Center Dr. 20th Fl.
Costa Mesa, CA 92626
Phone: 714.540.1235
andrew.gray@lw.com

***Attorneys for Plaintiff***
***Phoenix Capital Group Holdings, LLC***