# EXHIBIT 3



**892763**

WILLIAMS COUNTY, ND

Page: 1 of 3
2/1/2022 3:22 PM
eRecorded        $20.00

## MINERAL AND ROYALTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That **Cummings Family Survivor's Trust, dated April 28, 1997**, whose address is 115 Southern Edge Dr., Fond Du Lac, WI 54935, hereinafter called "GRANTOR", for good and valuable considerations, the receipt of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign, and deliver unto **Incline Bakken Minerals II, LLC**, whose address is 5011 N. Central Expressway, Dallas, TX 75205, hereinafter called "GRANTEE", <u>all of Grantor's right title and interest in and to all of the oil, gas and other minerals in, to and under and that may be produced from the following described lands in Williams County, North Dakota, to-wit:</u>

<u>**Township 156 North, Range 97 West, 5th P.M.**</u>
**Section 5: Lots 2, 3 and 4**

This deed is subject to **"No Surface Occupancy"** and it is agreed and understood that Grantee, its successors or assigns shall not be allowed access to the surface, nor shall Grantee conduct any operations or locate any facilities on the surface of the subject lands.  Grantee shall be entitled to all other mineral rights associated with oil and gas development, including the ability to participate in and receive royalty payments from the drilling of directional or horizontal wellbores.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that said Grantee shall have, receive and enjoy the herein granted undivided interests in and to all bonuses, rents, royalties and other benefits which may accrue thereunder from and after the effective date hereof, precisely as if the Grantee herein had been at the effective date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other and Grantee one of the Lessors therein. This includes any and all monetary values held in suspense by oil and gas operator(s) regardless of the effective date stated herein. The effective date referenced below is to be interpreted as effective on a cash accounting basis.

Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment any mortgage, taxes, or liens on the above described land upon default in payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD The properties described above with all and singular the rights, privileges and appurtenances thereunder or anywise belonging to said Grantee herein their heirs, successors, and assigns forever, and Grantor does hereby bind himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the said property unto the said Grantee herein, their heirs, successors and assigns against every person whomsoever claiming or to claim the same or any part thereof.

**This instrument is agreed to be effective for all purposes January 1st, 2022**

**892763**

WILLIAMS COUNTY, ND

Page: 2 of 3
2/1/2022 3:22 PM
eRecorded          $20.00

**CUMMINGS FAMILY SURVIVOR'S TRUST, DATED APRIL 28, 1997**

By: Colleen M. Sabel – Co-Trustee          By: Lois Cummings – Co-Trustee

**ACKNOWLEDGMENT**

STATE OF _Wisconsin_

COUNTY OF _Fonddu Lac_

     BEFORE ME,  the undersigned, a Notary Public, personally appeared **Colleen M. Sabel and Lois Cummings as Co-Trustees for Cummings Family Survivor's Trust, dated April 28, 1997,** on the _28_ day of _January_, 2022 to me known to be the identical person(s), described and who executed the foregoing instrument.

     IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

Notary Public, State of _WI_

**My Commission Expires**
October 1, 2023

KELLY J. COLLIEN
Notary Public
State of Wisconsin



**892763**
WILLIAMS COUNTY, ND

Page: 3 of 3
2/1/2022 3:22 PM
eRecorded          $20.00

COUNTY RECORDER, WILLIAMS COUNTY, ND          2/1/2022  3:22 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

**by** *Terri Bendixon* Deputy Recorder **892763**



**897196**

WILLIAMS COUNTY, ND

Page: 1 of 2
7/1/2022 3:49 PM
eRecorded          $20.00

COUNTY RECORDER, WILLIAMS COUNTY, ND          7/1/2022 3:49 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

by _____   Deputy   **897196**



# MINERAL AND ROYALTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That **The Helen S. Dollan Inter-Vivos Revocable Trust dated October 2, 2008**, whose address is 104 Buffalo Stage Road, Kalispell, MT 59901, hereinafter called "GRANTOR", for good and valuable considerations, the receipt of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign, and deliver unto **Incline Bakken Minerals II, LLC**, whose address is 5011 N. Central Expressway, Dallas, TX 75205, hereinafter called "GRANTEE", all of Grantor's right title and interest in and to all of the oil, gas and other minerals in, to and under and that may be produced from the following described lands in Williams County, North Dakota, to-wit:

### Township 158 North, Range 99 West, 5th P.M.
### Section 1: Lots 1, 2, 3, 4, S2NW, S2NE, SW

This deed is subject to **"No Surface Occupancy"** and it is agreed and understood that Grantee, its successors or assigns shall not be allowed access to the surface, nor shall Grantee conduct any operations or locate any facilities on the surface of the subject lands. Grantee shall be entitled to all other mineral rights associated with oil and gas development, including the ability to participate in and receive royalty payments from the drilling of directional or horizontal wellbores.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that said Grantee shall have, receive and enjoy the herein granted undivided interests in and to all bonuses, rents, royalties and other benefits which may accrue thereunder from and after the effective date hereof, precisely as if the Grantee herein had been at the effective date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other and Grantee one of the Lessors therein. This includes any and all monetary values held in suspense by oil and gas operator(s) regardless of the effective date stated herein. The effective date referenced below is to be interpreted as effective on a cash accounting basis.

Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment any mortgage, taxes, or liens on the above described land upon default in payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD The properties described above with all and singular the rights, privileges and appurtenances thereunder or anywise belonging to said Grantee herein their heirs, successors, and assigns forever, and Grantor does hereby bind himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the said property unto the said Grantee herein, their heirs, successors and assigns against every person whomsoever claiming or to claim the same or any part thereof.

**This instrument is agreed to be effective for all purposes June 1st, 2022**

**897196**
WILLIAMS COUNTY, ND

Page: 2 of 2
7/1/2022 3:49 PM
eRecorded          $20.00

**THE HELEN S. DOLLAN INTER-VIVOS REVOCABLE
TRUST DATED OCTOBER 2, 2008**

*[signature]*

By: Helen S. Dollan – Trustee

ACKNOWLEDGMENT

STATE OF Montana

COUNTY OF Flathead

BEFORE ME, the undersigned, a Notary Public, personally appeared **Helen S. Dollan as Trustee for The Helen S. Dollan Inter-Vivos Revocable Trust dated October 2, 2008**, on the 30 day of June, 2022 to me known to be the identical person(s), described and who executed the foregoing instrument.

IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

Aug 18, 2025

*[signature]*

Notary Public, State of Montana

CHRISTINA LOUISE MOORE
Notary Public for the
State of Montana
Residing at KALISPELL, MT
My Commission Expires
August 18, 2025

Notarial
Seal

**901482**

WILLIAMS COUNTY, ND

Page: 1 of 4
12/1/2022 3:33 PM
eRecorded        $20.00

# MINERAL AND ROYALTY DEED

## KNOW ALL MEN BY THESE PRESENTS:

That **Wendy J. Hailey**, whose address is 2607 Coronado Ln., Lincoln, CA 95648, hereinafter called "GRANTOR", for good and valuable considerations, the receipt of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign, and deliver unto **Incline Bakken Minerals II, LLC**, whose address is 4645 N. Central Expressway, Suite 100, Dallas, TX 75205, hereinafter called "GRANTEE", all of Grantor's right title and interest in and to all of the oil, gas and other minerals in, to and under and that may be produced from the following described lands in Williams County, North Dakota, to-wit:

### SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN

This deed is subject to **"No Surface Occupancy"** and it is agreed and understood that Grantee, its successors or assigns shall not be allowed access to the surface, nor shall Grantee conduct any operations or locate any facilities on the surface of the subject lands.  Grantee shall be entitled to all other mineral rights associated with oil and gas development, including the ability to participate in and receive royalty payments from the drilling of directional or horizontal wellbores.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that said Grantee shall have, receive and enjoy the herein granted undivided interests in and to all bonuses, rents, royalties and other benefits which may accrue thereunder from and after the effective date hereof, precisely as if the Grantee herein had been at the effective date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other and Grantee one of the Lessors therein.

Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment any mortgage, taxes, or liens on the above described land upon default in payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD The properties described above with all and singular the rights, privileges and appurtenances thereunder or anywise belonging to said Grantee herein their heirs, successors, and assigns forever, and Grantor does hereby bind himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the said property unto the said Grantee herein, their heirs, successors and assigns against every person whomsoever claiming or to claim the same or any part thereof.

**This instrument is agreed to be effective for all purposes November 1, 2022**

*[signature]*

**By: Wendy J. Hailey**

### ACKNOWLEDGEMENT

STATE OF _California_

COUNTY OF _Placer_

BEFORE ME, the undersigned, a Notary Public, personally appeared **Wendy J. Hailey**, on the _19th_ day of _November_, 2022 to me known to be the identical person(s), described and who executed the foregoing instrument.

IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

_8/20/2023_

_[signature]_

Notary Public, State of _California_

*[notary seal]*
GURBIR SINGH
COMM. #2302247
Notary Public - California
Placer County
My Comm. Expires Aug. 20, 202_

_See_
_attached_

**901482**

WILLIAMS COUNTY, ND

Page: 2 of 4
12/1/2022 3:33 PM
eRecorded          $20.00

## EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN MINERAL AND ROYALTY DEED MADE NOVEMBER 1, 2022, BY AND BETWEEN WENDY J. HAILEY, AS GRANTOR, AND INCLINE BAKKEN MINERALS II, LLC, AS GRANTEE**

**Township 155 North, Range 95 West, 5th P.M.**
**Section 3: SE**
**Section 10: N2NE, SENE**

**Township 156 North, Range 95 West, 5th P.M.**
**Section 13: W2**
**Section 14: NE**

**Township 156 North, Range 96 West, 5th P.M.**
**Section 29: W2NW**
**Section 30: E2NE**

**Williams County, ND**

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Placer___

On __11/19/2022__ before me, ___Gurbir Singh___, Notary Public,
(Here insert name and title of the officer)

personally appeared ___Wendy J. Hailey___,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

___
Signature of Notary Public

**GURBIR SINGH**
COMM. #2302247
Notary Public - California
Placer County
My Comm. Expires Aug. 20, 2023

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

___Mineral and Royalty Deed___
(Title or description of attached document)

___
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

___
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- [x] Individual (s)
- [ ] Corporate Officer

___
(Title)
- [ ] Partner(s)
- [ ] Attorney-in-Fact
- [ ] Trustee(s)
- [ ] Other

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

C 2004-2015 ProLink Signing Service, Inc. – All Rights Reserved www.TheProLink.com – Nationwide Notary Service



**901482**
WILLIAMS COUNTY, ND

Page: 4 of 4
12/1/2022 3:33 PM
eRecorded        $20.00

COUNTY RECORDER, WILLIAMS COUNTY, ND        12/1/2022  3:33 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

by ___Hand Chapman, Deputy___ **901482**

**906828**

Page: 1 of 5
6/13/2023 1:37 PM
eRecorded          $20.00

WILLIAMS COUNTY, ND

COUNTY RECORDER, WILLIAMS COUNTY, ND          6/13/2023 1:37 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

by _Terri Bendickson_ Deputy Recorder **906828**

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT executed and effective as of this **1st day of June 2023** by and between **The Darrell and Launa Wilson Living Trust**, whose mailing address is 1136 South Business 49, Neosho, MO 64850, as Lessor (whether one or more), and **Incline Bakken II, LLC** whose mailing address is 4645 N. Central Expressway, Suite 100, Dallas, TX 75205, as Lessee,

WITNESSETH:

1. Lessor in consideration of Ten and No/100 Dollars ($10.00) and other valuable considerations, of the royalties herein provided, and of the agreement of Lessee herein contained, hereby grants, leases and lets exclusively unto Lessee for the purposes of investigating, prospecting, drilling, mining and exploring (including the exclusive right to conduct geophysical/seismic operations and other related activities) for and producing oil, gas and all other minerals, laying pipe lines, building drill sites, access roads, tanks, power stations, telephone lines, and other structures thereon to produce, save, take care of, treat, transport and own said products and for dredging and maintaining canals, constructing roads and bridges, and building houses for its employees, and, in general, for all appliances, structures, equipment, servitudes and privileges which may be necessary, useful or convenient to or in connection with any such operations conducted by Lessee thereon, or on any lands pooled therewith, the following described land in **Williams County, North Dakota**, to-wit:

> **TOWNSHIP 159 NORTH, RANGE 98 WEST, 5th P.M.**
> **SECTION 11: SW**

> comprising of **160 acres,** more or less.

This lease shall also extend and apply to any interest in the lands described herein which Lessor may hereafter acquire, including, but not limited to, outstanding mineral rights acquired by reversion, prescription or otherwise.

This lease also covers and includes any other land owned by the Lessor in the above mentioned Section or Sections, all property acquired by prescription and all accretion or alluvion attaching to or forming a part of said land; as well as any interest in any streets, alleys, lanes, roads, streams, bayous, railroads, ditches, canals or other rights-of-way, public, private or abandoned, adjoining or traversing the lands described herein, whether or not specifically described or not. Whether or not any reduction in payment shall have previously been made, this lease, without further evidence thereof, shall immediately attach to and affect any and all rights, titles, and interest in the above described land, including reversionary mineral rights, hereafter acquired by or inuring to Lessor and Lessor's successors and assigns.

2. It is agreed that this lease shall remain in force for a term of **four (4) years** from the effective date (the "Primary Term") and as long thereafter as oil, gas, or other minerals, or any of them is produced from said land or premises pooled therewith or drilling operations are conducted as hereinafter provided. If prior to discovery of oil, gas, or other minerals on said land, or on acreage pooled therewith, Lessee should drill a dry hole or holes thereon, or if after discovery of oil, gas, or other minerals, production thereof should cease for any cause, this lease shall not terminate if Lessee commences additional drilling or reworking operations within one hundred twenty (120) days thereafter. If, at the expiration of the Primary Term, oil, gas, or other minerals are not being produced on or from said land or said pooled premises but Lessee is then engaged in drilling or reworking operations thereon, then this lease shall continue in force so long thereafter as drilling or reworking operations are being continuously prosecuted on said land or on a drilling or spacing or operating unit which includes all or a part of said land, and drilling or reworking operations shall be considered to be continuously prosecuted if not more than one hundred twenty (120) days shall elapse between the completion or abandonment of one well and the beginning of operations for the drilling or reworking of another well. If oil, gas, or other minerals shall be discovered and/or produced from any such well or wells drilled, being drilled or reworked at or after the expiration date of the Primary Term, this lease shall continue in force so long thereafter as oil, gas or other minerals are produced from the leased premises or from any such unit which includes all or a part of said lands. If, after the expiration of the Primary Term, production on said land shall cease from any cause, this lease shall not terminate provided Lessee resumes operations for drilling or reworking a well within one hundred twenty (120) days from such cessation, and this lease shall remain in force during the prosecution of such operations and, if production results therefrom, then as long thereafter as production continues.

**906828**

WILLIAMS COUNTY, ND

Page: 2 of 5
6/13/2023 1:37 PM
eRecorded          $20.00

3. The royalties to be paid by Lessee are: (a) on oil, and other hydrocarbons which are produced at the well in liquid form by ordinary production methods, **twenty percent (20.00%)** of that produced and saved from said land, same to be delivered at the wells or to the credit of Lessor in the pipe line to which the wells may be connected; Lessor's interest in either case to bear its proportion of any expenses for treating the oil to make it marketable as crude; Lessee may from time to time purchase any royalty oil or other liquid hydrocarbons in its possession, paying the market price therefor prevailing for the field where produced on the date of purchase; (b) on gas, including casinghead gas, or other gaseous substance produced from said land and sold or used off the premises or for the extraction of gasoline or other products therefrom, the market value at the well of **twenty percent (20.00%)** of the gas so sold or used, provided that on gas sold at the wells the royalty shall be **twenty percent (20.00%)** of the amount realized from such sale, such gas, casinghead gas, residue gas, or gas of any other nature or description whatsoever, as may be disposed of for no consideration to Lessee, either through unavoidable waste or leakage, or in order to recover oil or other liquid hydrocarbons, or returned to the ground, shall not be deemed to have been sold or used either on or off the premises within the meaning of this paragraph; (c) on all other minerals mined and marketed, **twenty percent (20.00%)**, either in kind or value at the well or mine, at Lessee's election, except that on sulphur the royalty shall be one dollar ($1.00) per long ton.

4. If a well capable of producing oil, gas, gas and gas condensate, gas and oil, or other minerals located on said land, or on acreage pooled or unitized therewith, is at any time shut-in and no oil, gas, gas condensate or other minerals therefrom is sold or used off the premises or for the manufacture of gasoline or other products, nevertheless such shut-in well shall be deemed to be a well on said land producing oil or gas or other minerals in paying quantities and this lease shall continue in force during all of the time or times while such well is so shut-in, whether before or after the expiration of the primary term hereof, Lessee shall use reasonable diligence to produce and market oil, gas, gas and gas condensate, gas and oil, or other minerals, capable of being produced from such shut-in well but shall be under no obligation to market such products under terms, conditions or circumstances which, in Lessee's judgment exercised in good faith, are unsatisfactory. Lessee shall be obligated to pay or tender to Lessor and all other royalty owners as their interests in royalty under the well shall appear, on or before the anniversary of the date of this lease next ensuing after the expiration of ninety (90) days following the shutting-in of such well, and annually thereafter, while such well is so shut-in, as royalty, the sum of one dollar ($1.00) per net mineral acre covered by this lease. Lessor's portion of such payment may be made or tendered to Lessor or to Lessor's credit by check mailed or delivered directly to Lessor or to a depository bank designated by Lessor. Portions of such payment payable to others may be made or tendered by check or draft, mailed or delivered, to such owner or to such owners' credit in the depository bank designated by such owner, royalty ownership as of the last day of each such annual period as shown by Lessee's record shall determine the amounts and the party or parties entitled to receive such payment.

5. THIS IS A PAID-UP LEASE. It is understood and agreed that the consideration first recited herein, the cash down payment, which payment is accepted as good and sufficient consideration for the rights conveyed to Lessee hereunder, covers all of the rights and privileges granted to the end of the primary term as aforesaid, and any and all other rights conferred, and that Lessee shall not be obligated to commence or continue any operations during the Primary Term.

6. Lessee may, at any time, release this lease as to any stratum or strata and as to part or all of the lands above described after which all payments and liabilities thereafter to accrue as to the lands released shall cease. In the event of a partial release, any payments required to maintain this lease shall be reduced proportionately.

7. Lessee, at its option, is hereby given the right and power at any time and from time to time as a recurring right, either before or after production, as to all or any part of the land described herein and as to any one or more of the formations hereunder, to pool or unitize the leasehold estate and the mineral estate covered by this lease with other land, lease or leases in the immediate vicinity for the production of oil and gas, or separately for the production of either, when in Lessee's judgment it is necessary or advisable to do so, and irrespective of whether authority similar to this exists with respect to such other land, lease or leases. Likewise, units previously formed to include formations not producing oil or gas, may be reformed to exclude such non-producing formations. The forming or reforming of any unit shall be accomplished by Lessee executing and filing of record a declaration of such unitization or reformation, which declaration, shall describe the unit. Any unit may include land upon which a well has theretofore been completed or upon which operations for drilling have theretofore been commenced. Production, drilling or reworking operations on a well shut-in for want of market anywhere on a unit which includes all or a part of this lease shall be treated as if it were production, drilling or reworking operations or a well shut-in for want of market under this lease. In lieu of the royalties elsewhere herein specified, including shut-in gas royalties, Lessor shall receive on production from the unit so pooled royalties only on the portion of such production allocated to this lease; such allocations shall be that proportion of the unit production that the total number of surface acres covered by this lease and included in the unit bears to the total number of surface acres in such unit. In addition to the foregoing, Lessee shall have the right to unitize, pool, or combine all or any part of the above described lands as to one or more of the formations thereunder with other lands in the same general area by entering into a cooperative or unit plan of development or operation approved by any governmental authority and, from time to time, with like approval, to modify, change or terminate any such plan or agreement and, in such event, the terms, conditions, and provisions of this lease shall be deemed modified to conform to the terms, conditions, and provisions of such approved cooperative or unit plan of development or operation and particularly, all drilling and development requirements of this lease, express or implied, shall be satisfied by compliance with the drilling and development requirements of such plan or agreement, and this lease shall not terminate or expire during the life of such plan or agreement. In the event that said above described lands or any part thereof, shall hereafter be operated under any such cooperative or unit plan of development or operation whereby the production therefrom is allocated to different portions of the land covered by said plan, then the production allocated to any particular tract of lands shall, for the purpose of computing the royalties to be paid hereunder to Lessor, be regarded as having been produced from the particular tract of land to which it is allocated and not to any other tract of land; and the royalty payments to be made hereunder to Lessor shall be based upon production only as so allocated. Lessor shall formally express Lessor's consent to any cooperative or unit plan of development or operation adopted by Lessee and approved by any governmental agency by executing the same upon request to Lessee.

8. If Lessor owns a less interest in the above described land than the entire mineral estate therein, then the royalties herein provided shall be paid to Lessor only in the proportion which Lessor's interest bears to the whole mineral estate.

9. The privilege of assigning in whole or in part is expressly allowed, although it is agreed that no change or division in ownership of the land, or royalties, however accomplished, shall operate to enlarge the obligations or diminish the rights of the Lessee. If the estate of either party hereto is assigned, the covenants hereof shall extend to the heirs, executors, administrators, successors or assigns of the Assignor, but, no change in the ownership of the land or assignment of royalties shall be binding on the Lessee until after the Lessee has been furnished with certified copies of recorded title documents transferring title from Lessor. In the event of death of any person entitled to royalties hereunder, Lessee may pay or tender such royalties to the credit of the deceased or of the estate of the deceased into escrow, as provided by law, until such time Lessee is furnished with proper evidence of the appointment and qualification of an executor, administrator or personal representative of the estate, or if there be none, then until Lessee is furnished with evidence satisfactory to it as to the heirs or devisees of the deceased.

10. In case of suit, adverse claim, dispute or question as to the ownership of the rentals or royalties (or some part thereof) payable under this lease, Lessee shall not be held in default in payment of such rentals or royalties (or the part thereof in dispute), until such suit, claim, dispute or question has been finally disposed of, and Lessee shall have thirty (30) days after being furnished with a certified copy of the instrument or instruments disposing of such suit, claim or dispute, or after being furnished with proof sufficient, in Lessee's opinion, to settle such question, within which to make payment. Should the right or interest of Lessee hereunder be disputed by Lessor, or any other person, the time covered by the pendency of such dispute shall not be counted against Lessee either as affecting the term of the lease or for any other purpose, and Lessee may suspend all payments without interest until there is a final adjudication or other determination of such dispute.

11. Lessee shall comply with all laws regulations and orders of any Governmental body purporting to exercise authority over the lands covered by this lease or the person of the Lessor herein and in so complying Lessee shall not be responsible for determining the legality, validity or constitutionality of any such law, regulation, or order enacted or issued by an such Governmental body. In determining the residence of Lessor for purposes of complying with such laws or regulations Lessee may rely upon the address of Lessor herein set forth or upon the last known address of Lessor. Neither any error in the determination of the residence or status of Lessor nor an error in the payment of any sums of money due or payable to Lessor under the terms of this lease which is made during the course of or as a result of Lessee's good faith efforts to comply with any such laws or regulations shall terminate this lease or constitute grounds for any cause of action against Lessee. All of Lessee's obligations and covenants hereunder, whether express or implied, shall be suspended at the time or from time to time as compliance with any thereof is prevented or hindered by or is in conflict with Federal, State, County, or municipal laws, rules, regulations or orders asserted as official by or under public authority claiming jurisdiction, or Act of God, adverse field, weather, or market conditions, inability to obtain materials in the open market or transportation thereof, war, strikes, lockouts, riots, or other conditions or circumstances not wholly controlled by Lessee, and this lease shall not be terminated in whole or in part, nor Lessee held liable in damages for failure to comply with any such obligations or covenants if compliance therewith is prevented or hindered by or is in conflict with any of the foregoing eventualities. The time during which Lessee shall be prevented from conducting drilling or reworking operations during the primary term of this lease, under the contingencies above stated, shall be added to the primary term of the lease; provided however, that delay rentals as herein provided shall not be suspended by reason of the suspension of operations and if this lease is extended beyond the primary term above stated by reason of such suspension, Lessee shall pay an annual delay rental on or before the anniversary dates hereof in the manner and in the amount above provided.

12. When drilling, reworking, production or other operations are delayed or interrupted by force majeure, that is, by storm, flood or other acts of God, fire, war, rebellion, insurrection, riot, strikes, differences with workmen, or failure of carriers to transport or furnish facilities for transportation, or as a result of some law, order, ordinance, rule, regulation, requisition or necessity of the government, federal, state or municipal, or as a result of any cause whatsoever beyond the control of the Lessee, the time of such delay or interruption shall not be counted against Lessee, anything in this lease to the contrary notwithstanding, but this lease shall be extended for a period of time equal to that during which Lessee is so prevented from conducting such drilling or reworking operations on, or producing oil, gas, casinghead gas, condensate or other minerals from, the premises; provided that during any period that this lease is continued in force after its primary term solely by force majeure as herein provided, Lessee shall pay to the owners of the royalty hereunder the shut-in royalty provided in paragraph 5 hereof, and in the manner therein provided, without regard to whether or not there is a producing well shut in, located on said land or on land with which the lease premises or any part thereof has been pooled.

13. It is expressly understood and agreed that the premises leased herein shall, for all the purposes of this lease, be considered and treated as owned in indivision by the Lessor and shall be developed and operated as one lease, and there shall be no obligation on the part of Lessee to offset wells on separate tracts into which the land covered by this lease may be now or hereafter divided by sale, or otherwise, or to furnish separate measuring, or receiving tanks, and all rentals, royalties and other payments accruing hereunder shall be treated as an entirety and shall be divided among and paid to Lessor in the proportion that the acreage (mineral rights) owned by each bears to the entire leased acreage. Lessee may at any time or times pay or tender all sums accruing hereunder to the joint credit of Lessor.

14. Notwithstanding the death of any party Lessor, or his successor in interest, the payment of tender of all sums accruing hereunder in the manner provided above shall be binding on the heirs, executors and administrators of such person.

15. Lessor hereby warrants and agrees that the Lessee at its option shall have the right to redeem for Lessor, by payment, any mortgage, taxes or other liens on the above described lands, in the event of default of payment by Lessor, and be subrogated to the rights of the holder thereof. In case of payment of any such mortgage, taxes or other liens by

**906828**

WILLIAMS COUNTY, ND

Page: 4 of 5
6/13/2023 1:37 PM
eRecorded          $20.00

Lessee, in addition to the right of subrogation herein granted, Lessee shall also have the right to retain any royalties which become due Lessor hereunder and to repay itself therefrom, and the retention of such royalties by Lessee shall have the same effect as if paid to the Lessor in whose behalf payment of any mortgage, taxes or other liens was made. In the event the leased lands are encumbered by a mortgage, then prior to the payment of any royalties due hereunder, Lessor agrees to obtain a subordination of mortgage, at Lessor's expense, in a form acceptable to Lessee.

16.  Lessee shall pay for actual damages caused by its operations to growing crops and timber on said land leased herein.  Lessor specifically agrees that the obligations and liabilities of the Lessee and its successors and assigns for reclamation, restoration, repair or maintenance of the surface or subsurface of the leased premises shall never exceed the fair market value (determined as of the effective date hereof) of the lands covered by this lease, or the portion thereof, for which such reclamation, restoration, repair or maintenance is required.

17.  The undersigned Lessor(s) for themselves and their heirs, successors, and assigns, hereby expressly release and waive all rights under and by virtue of the homestead exemption laws of said state, insofar as the same may in any way affect the purposes for which this lease is made as recited herein.

18.  This lease shall not be terminated, forfeited or cancelled for failure by Lessee to perform in whole or in part any of its implied covenants, conditions or stipulations until it shall have been first finally and judicially determined that the failure or default exists, and then Lessee shall be given a reasonable time to correct any default so determined, or at Lessee's election it may surrender the lease with the option of reserving under the terms of this lease each producing well and the spacing or proration unit, or communitized area surrounding such well as designated by the North Dakota Industrial Commission, together with the right of ingress and egress. Lessee shall not be liable in damages for breach of any implied covenant or obligation.

19.  This lease shall be binding upon all who execute it, whether or not named in the body hereof as Lessor, and without regard to whether this same instrument, or any copy thereof, shall be executed by any other Lessor named above.

IN WITNESS WHEREOF, this instrument is executed effective as of the date first above written.

**THE DARRELL AND LAUNA WILSON LIVING TRUST**

Signature: _Darrell D. W____

Printed Name: Darrell Wilson – Trustee

**ACKNOWLEDGMENT**

STATE OF _Missouri_

COUNTY OF _Newton_

BEFORE ME, this _10_ day of _June_____, 2023, the undersigned, a Notary Public, in and for said County and State, personally appeared **Darrell Wilson as Trustee for The Darrell and Launa Wilson Living Trust**, to me known to be the identical person(s), described and who executed the within and foregoing instrument of writing and acknowledged to me that they duly executed the same as their free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires          _Leslie Kay Cobb_____

_12-20-2024_____          Notary Public
                              (Print Name) _Leslie Kay Cobb_____

LESLIE KAY COBB
Notary Public – Notary Seal
STATE OF MISSOURI
Newton County
My Commission Expires Dec. 20, 2024
Commission #16782399

**906828**

WILLIAMS COUNTY, ND

Page: 5 of 5
6/13/2023 1:37 PM
eRecorded        $20.00

### EXHIBIT "A"

ATTACHED TO AND MADE A PART OF THAT CERTAIN OIL, GAS AND MINERAL LEASE MADE THE 1ST DAY OF JUNE 2023, BY AND BETWEEN THE DARRELL AND LAUNA WILSON LIVING TRUST, AS LESSOR, AND INCLINE BAKKEN II, LLC, AS LESSEE

This Exhibit shall serve to represent the mutual understanding and agreement by and between the parties named herein, as to the terms and conditions under which Lessors agree to lease to Lessee. Any language contained in the above lease to the contrary notwithstanding, it is expressly understood and agreed between the parties hereto that the following terms and conditions shall apply:

**NO WARRANTY OF TITLE:** The Lease is granted and made without any warranty of title whatsoever and without any recourse against Lessor whatsoever, either express or implied. However, it is agreed that if a cloud of title shall arise that is deemed to be capable of being cured, that both parties will work together to obtain and sign any curative documents that might be needed to fix a title discrepancy.

**OTHER MINERALS:** Lessor reserves all rights to grant, lease, mine, produce, and market any and all minerals from the lands covered by this Lease, except oil, gas, and other hydrocarbons and their constituent products covered by this Lease.

**INDEMNIFICATION:** Lessee agrees to indemnify and hold Lessor harmless from liability, loss, damage, and expense arising out of claims, demands, and suits by third parties for injury to person or property caused by or arising out of the operations of Lessee and its employees, invitees, and contractors upon the leased premises.

**WATER RIGHTS:** The Lessee shall be responsible for any loss or harm of Lessor's water rights or water wells as a result of its operations on the leased premises.

**DIVISION ORDER:** Lessee agrees that no division order shall constitute a valid amendment to this lease and further agrees that the execution of such document shall not constitute a prerequisite to the disbursement of royalties payable under this lease.

**NOTIFICATION OF RELEASE:** Lessee, its successors or assigns, shall, at the termination of this lease, furnish to Lessor a written and recordable Release of Oil and Gas Lease covering the same.

**TIMELY ACCESS TO TITLE REPORT:** Upon written request, Lessee hereby agrees to provide Lessor with a complete copy of the current title report or title memorandum in its possession within four months from the date of the lease. Lessee, or its assigns, further agree to provide Lessor with a complete copy of any title opinion as to all lands on this lease or any spacing unit formed that contains lands in this lease prior to spudding a well on said lands or spacing unit upon written request.

**SHUT-IN ROYALTY:** The amount of the shut-in royalty stated above is changed to $5.00 per net mineral acre. Lessee may not shut-in a gas well for a period of more than 24 consecutive months.

Signed for Identification:

THE DARRELL AND LAUNA WILSON LIVING TRUST

_____

Printed: Darrell Wilson – Trustee

**908525**

Page: 1 of 2
8/3/2023 2:45 PM
WILLIAMS COUNTY, ND     eRecorded     $20.00

COUNTY RECORDER, WILLIAMS COUNTY, ND     8/3/2023  2:45 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

by _Terri Bendikson_ Deputy Recorder **908525**

# MINERAL AND ROYALTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That **Larry E. Westling and Donna Louise Westling,** whose address is 8930 Rivercrest Avenue, Everett, WA 98208, hereinafter called "GRANTOR", for good and valuable considerations, the receipt of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign, and deliver unto **Incline Bakken Minerals II, LLC,** whose address is 4645 N. Central Expressway, Suite 100, Dallas, TX 75205, hereinafter called "GRANTEE", all of Grantor's right title and interest in and to all of the oil, gas and other minerals  in, to and under and that may be produced from the following described lands in Williams County, North Dakota, to-wit:

**Township 156 North, Range 95 West, 5th P.M.**
**Section 17: NE**

This deed is subject to **"No Surface Occupancy"** and it is agreed and understood that Grantee, its successors or assigns shall not be allowed access to the surface, nor shall Grantee conduct any operations or locate any facilities on the surface of the subject lands.  Grantee shall be entitled to all other mineral rights associated with oil and gas development, including the ability to participate in and receive royalty payments from the drilling of directional or horizontal wellbores.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that said Grantee shall have, receive and enjoy the herein granted undivided interests in and to all bonuses, rents, royalties and other benefits which may accrue thereunder from and after the effective date hereof, precisely as if the Grantee herein had been at the effective date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other and Grantee one of the Lessors therein. This includes any and all monetary values held in suspense by oil and gas operator(s) regardless of the effective date stated herein. The effective date referenced below is to be interpreted as effective on a cash accounting basis.

Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment any mortgage, taxes, or liens on the above described land upon default in payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD The properties described above with all and singular the rights, privileges and appurtenances thereunder or anywise belonging to said Grantee herein their heirs, successors, and assigns forever, and Grantor does hereby bind himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the said property unto the said Grantee herein, their heirs, successors and assigns against every person whomsoever claiming or to claim the same or any part thereof.

**This instrument is agreed to be effective for all purposes July 25, 2023**

**908525**

WILLIAMS COUNTY, ND

Page: 2 of 2
8/3/2023 2:45 PM
eRecorded          $20.00

*Larry E. Westling*

**By: Larry E. Westling**

*Donna Louise Westling*

**By: Donna Louise Westling**

ACKNOWLEDGMENT

STATE OF ___WASHINGTON___

COUNTY OF ___SNOHOMISH___

      BEFORE ME,  the undersigned, a Notary Public, personally appeared **Larry E. Westling and Donna Louise Westling**, on the 28th day of ___July___, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

      IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

DEC. 10, 2023

Notary Public, State of

WASHINGTON

```
Notary Public
State of Washington
JILL KANALY
COMMISSION# 132808
MY COMMISSION EXPIRES
December 10, 2023
```



**911413**

WILLIAMS COUNTY, ND

Page: 1 of 6
11/13/2023 3:04 PM
eRecorded        $20.00

COUNTY RECORDER, WILLIAMS COUNTY, ND        11/13/2023  3:04 PM
I certify that this instrument was filed and recorded
Patti Ogurchak, County Recorder

by *Terri Bendikson* Deputy Recorder **911413**

# MINERAL AND ROYALTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That **James Babb, as Life Tenant**, whose address is 1622 Serenity Ln.., Sanibel, FL 33957; **Brian Gross, as Remainderman**, whose address is 147 Timberlane Circle, Nebraska City, NE 68410; **Larry Andre, as Remainderman**, whose address is 2757 Glebe Rd. Apt. 410, Arlington, VA 22206;  **Michael Andre, as Remainderman**, whose address is CMR 489, Box 1179, 09751 APOAE; and **Minot Public School Foundation for the Lisa Gail Gross Scholarship Fund, as Remainderman**, whose address is 14 30th St. SW, Minot, ND 58701, collectively hereinafter called "GRANTOR", for good and valuable considerations, the receipt of which are hereby acknowledged, does hereby grant, bargain, sell, convey, transfer, assign, and deliver unto **Incline Bakken Minerals II, LLC**, whose address is 4645 N. Central Expressway, Suite 100, Dallas, TX 75205, hereinafter called "GRANTEE", all of Grantor's right title and interest in and to all of the oil, gas and other minerals in, to and under and that may be produced from the following described lands in Williams County, North Dakota, to-wit:

**Township 154 North, Range 104 West, 5th P.M.**
**Section 13: E2SW, W2SE**
**Section 24: N2, N2SE, SWSE**

This deed is subject to **"No Surface Occupancy"** and it is agreed and understood that Grantee, its successors or assigns shall not be allowed access to the surface, nor shall Grantee conduct any operations or locate any facilities on the surface of the subject lands.  Grantee shall be entitled to all other mineral rights associated with oil and gas development, including the ability to participate in and receive royalty payments from the drilling of directional or horizontal wellbores.

This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease heretofore executed and now of legal record; it being understood and agreed that said Grantee shall have, receive and enjoy the herein granted undivided interests in and to all bonuses, rents, royalties and other benefits which may accrue thereunder from and after the effective date hereof, precisely as if the Grantee herein had been at the effective date of making said lease and/or leases the owner of a similar undivided interest in and to the lands above described and none other and Grantee one of the Lessors therein. This includes any and all monetary values held in suspense by oil and gas operator(s) regardless of the effective date stated herein. The effective date referenced below is to be interpreted as effective on a cash accounting basis.

Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment any mortgage, taxes, or liens on the above described land upon default in payment by Grantor, and be subrogated to the rights of the holder thereof.

TO HAVE AND TO HOLD The properties described above with all and singular the rights, privileges and appurtenances thereunder or anywise belonging to said Grantee herein their heirs, successors, and assigns forever, and Grantor does hereby bind himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the said property unto the said Grantee herein, their heirs, successors and assigns against every person whomsoever claiming or to claim the same or any part thereof.

**This instrument is agreed to be effective for all purposes November 1st, 2023**

**911413**

WILLIAMS COUNTY, ND

Page: 2 of 6
11/13/2023 3:04 PM
eRecorded        $20.00

By: James Babb, Life Tenant

ACKNOWLEDGMENT

STATE OF _FLORIDA_

COUNTY OF ___LEE___

      BEFORE ME,  the undersigned, a Notary Public, personally appeared **James Babb**, on the 13TH day of OCTOBER _____, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

      IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires: SEPT. 26, 2024

Colleen M Seeger
Comm. # HH025890
Expires: Sept. 26, 2024
Bonded Thru Aaron Notary

Notary Public, State of _FLORIDA_

**911413**

WILLIAMS COUNTY, ND

Page: 3 of 6
11/13/2023 3:04 PM
eRecorded          $20.00

By: Brian Gross, Remainderman

STATE OF _Nebraska_

COUNTY OF _Otoe_

ACKNOWLEDGMENT

    BEFORE ME, the undersigned, a Notary Public, personally appeared **Brian Gross**, on the _16th_ day of _October_, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

    IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

GENERAL NOTARY - State of Nebraska
CARLA M ZAROBAN
My Comm. Exp. February 12, 2024

Notary Public, State of _Nebraska_

**911413**

WILLIAMS COUNTY, ND

Page: 4 of 6
11/13/2023 3:04 PM
eRecorded        $20.00

By: Larry Andre, Remainderman

**ACKNOWLEDGMENT**

STATE OF ___VA___

COUNTY OF ___Arlington___

    BEFORE ME,  the undersigned, a Notary Public, personally appeared **Larry Andre**, on the ___13th___ day of ___October___, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

    IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires: ___Dec. 31, 2027___

Notary Public, State of ___VA___

DEWAYNE WALKER
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DEC. 31, 2027
COMMISSION # 7784284

**911413**

WILLIAMS COUNTY, ND

Page: 5 of 6
11/13/2023 3:04 PM
eRecorded        $20.00

By: **Michael Andre, Remainderman**

ACKNOWLEDGMENT

STATE OF <u>WITH THE U.S. ARMED FORCES</u>

COUNTY OF <u>STUTTGART GERMANY</u>

BEFORE ME, the undersigned, a Notary Public, personally appeared **Michael Andre**, on the 30 day of <u>October</u>, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires:

INDEFINITE PER
10 USC 1044(A)

Notary Public, State of <u>WITH THE U.S. ARMED FORCES</u>
<u>STUTTGART GERMANY</u>

PFC NAYNOMIS M.
ROSA RIVERA
PARALEGALSPECIALIST
10 USC 1044(A)



**911413**
WILLIAMS COUNTY, ND

Page: 6 of 6
11/13/2023 3:04 PM
eRecorded        $20.00

MINOT PUBLIC SCHOOL FOUNDATION FOR
THE LISA GAIL GROSS SCHOLARSHIP FUND
(Remainderman)

*Jamie Swenson*

By: **Jamie Swenson**
Position: **Exeuctive Director**

ACKNOWLEDGMENT

STATE OF North Dakota

COUNTY OF Ward

        BEFORE ME,  the undersigned, a Notary Public, personally appeared **Jamie Swenson as Executive Director for Minot Public School Foundation for the Lisa Gail Gross Scholarship Fund**, on the 7th day of November, 2023 to me known to be the identical person(s), described and who executed the foregoing instrument.

        IN WITNESS WHEREOF, I have set my hand and affixed my notarial seal the day and year last above written.

My Commission Expires: August 20, 2025

_____
Notary Public, State of North Dakota

JESSICA CARPENTER
Notary Public
State of North Dakota
My Commission Expires August 20, 2025