IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| PHOENIX CAPITAL GROUP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | C.A. NO. 1:23-cv-00209 |
| v. | § § | |
| INCLINE ENERGY PARTNERS, L.P. | § | |
| Defendant. | | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT ADDITIONAL FILINGS RELATED TO PENDING MOTIONS TO DISMISS**

Phoenix's strategy is clear. File the same lawsuit repeatedly, and if permitted, re-brief the same issues (using different lawyers) in the hope of obtaining a different outcome. In its motion for leave (Doc. Nos. 23–25) (the "Motion"), filed by Phoenix's *sixth* set of lawyers,[1] Phoenix seeks leave to file supplemental briefs in opposition to Incline's Rule 12(b)(6) Motion to Dismiss (Doc. Nos. 6 and 7) and Incline's Motion to Abstain or Dismiss (Doc. Nos. 8 and 9) (the "Abstention Motion"). The Court should deny the Motion as Phoenix's latest effort to obtain yet more "bites at the apple."

First, Phoenix's "newly discovered" evidence is not relevant to either of Incline's Motions. Neither motion challenged personal jurisdiction over Incline, as the Motion incorrectly claimed (Doc. No. 24, p. 1) and purportedly addressed by the "new evidence." Incline's Rule 12(b)(6) Motion speaks only to the sufficiency of Phoenix's claims. Premised on the clear pattern of forum shopping and the substantial likelihood that res judicata will fully resolve this case, Incline's Abstention Motion asserts the Court should dismiss or stay this lawsuit in favor of the two lawsuits

---

[1] In addition to the three sets of lawyers that have appeared in this case, in the Texas State Case, Phoenix has (or had) two sets of lawyers, and in the Texas Federal Case, one additional firm appeared on behalf of Ferrari.

Phoenix and its now admitted CEO, Adam Ferrari, filed first in Texas[2] or transfer the case.[3] Thus, the specious issues raised in the Motion have no bearing whatsoever on the merits of either fully briefed motion now before the Court.

Second, nothing in the Francis Declaration, submitted in support of Incline's alternative request that this Court transfer venue to the Northern District of Texas is false or misleading. Francis did not state that Incline lacks a jurisdictional presence in North Dakota, but only that it had not "purchased or taken control over ownership of any asset or oil and gas interest" in the state since December 31, 2021.[4] Phoenix's "newly discovered evidence," most of which relates to third-party entities,[5] does not contradict that statement.

Third, repetitively hiring new counsel is not good cause for additional briefing, especially regarding "evidence" and issues that are not relevant. If hiring new lawyers who seek to assert new arguments regarding a fully briefed motion is good cause to supplement, briefing would potentially never close. Nonetheless, if the Court is inclined to grant Phoenix's Motion, Incline requests that the Court permit Incline an opportunity to respond and limit relief to either (1) admitting the (wholly irrelevant) evidence submitted with the Motion; or (2) limiting any additional briefing solely to discussion of the evidence submitted with the Motion.

Finally, the Court should not hold either of Incline's motions in abeyance until Phoenix moves for leave to amend. Phoenix failed to request leave to amend when Incline conferred about its Abstention Motion or within 21 days after its filing, and if this case is not dismissed based on abstention or transferred to Texas, Phoenix may seek leave to amend at that time.

---

[2] *See* https://phxcapitalgroup.com/our-team/.
[3] *See* Abstention Motion, Doc. No. 9, pp. 1, 8–9 (motion made pursuant to Rule 12(b)(1)). Notably, *Colorado River* abstention is a subject matter jurisdiction doctrine which has nothing to do with personal jurisdiction.
[4] Doc. No. 9-10, ¶ 5.
[5] As reflected on Incline's website, Incline Bakken, LLC, Incline Bakken II, LLC, and Incline Energy Partners II, LP are separate entities from Incline Energy Partners, LP. *See* https://inclinelp.com/our-story/

3

Respectfully submitted,

By: /s/ Charlene C. Koonce

Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 Texas Bar No. 11672850
 charlene@brownfoxlaw.com
Andrew C. Debter
 Texas Bar No. 24133954
 andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

Joshua A. Swanson
North Dakota Bar No. 06788
VOGEL LAW FIRM
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
jswanson@vogellaw.com

*Attorneys for Defendant Incline Energy Partners, L.P.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

/s/ Charlene C. Koonce
Charlene C. Koonce