UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Phoenix Capital Group Holdings, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Incline Energy Partners, L.P.,<br><br>Defendant. | Case No. 1:23-cv-00209<br><br>**DEFENDANT'S MOTION FOR LEAVE TO PROVIDE NOTICE OF SUPPLEMENTAL AUTHORITY UNDER FED.R.CIV.P. 15(D)** |

[¶1]    The Defendant, Incline Energy Partners, L.P. ("Incline"), moves this Court for leave pursuant to Fed.R.Civ.P. 15(d) to serve a supplemental pleading notifying the Court of an occurrence or event that happened after the date of the pleading to be supplemented. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d).

[¶2]    On June 21, 2024, the Texas Supreme Court denied Plaintiff's, Phoenix Capital Group Holdings, LLC ("Phoenix"), Petition for Review. A true and correct copy of the Texas Supreme Court's filing is attached as <u>Exhibit A</u>. Under TEX. R. APP. P. 64.1 Phoenix had 15 days to file a motion for a rehearing in the Texas Supreme Court.  Phoenix did not file a motion for rehearing.

[¶3]    Leave is appropriate as the new "occurrence" or "event" raised by Incline, the Texas Supreme Court's denial of Phoenix's Petition for Review, was noted to the Court in Incline's Motion to Dismiss based on Abstention, or Alternatively, Motion to Transfer Venue, Doc. #s 8 – 9 at pp. 6 – 13. As noted by Incline therein, Phoenix previously filed a lawsuit involving

the same claims raised in this case in Texas State Court. The Texas Supreme Court's denial of Phoenix's Petition for Review operates to move the case closer to a final judgment barring Phoenix's identical claims and transactionally similar claims in this case via the doctrine of res judicata.

[¶ 4] More specifically, the Texas Supreme Court's denial of Phoenix's Petition for Review leaves intact the Dallas Court of Appeals' judgment that with the exception of defamation per se premised on one statement described below, all claims asserted by Phoenix in the Texas State Case based on Incline's alleged (1) defamation, libel and slander/defamation, libel and slander per se; (2) business disparagement; (3) tortious interference with contract (premised on the Taylor email as conceded during arguments on the TCPA motion); (4) tortious interference with prospective contract (based on the FIBT statement); (5) unfair competition; and, (6) civil conspiracy are dismissed.  The Texas State Case will now return to the Texas trial court for consideration of whether the only remaining claim, defamation per se, premised solely on an email sent to persons who had already sold North Dakota minerals to Incline, ("the Taylor email") is barred by Incline's affirmative defense of privilege.[1] In turn, the Taylor email, like the statements at issue in this lawsuit, including the "FIBT email,"[2] all assert that Adam Ferrari serves as Phoenix's CEO and is a felon.

---

[1] In its Motion to Dismiss or Abstain, Dkt. #5, Incline stated that the transaction at issue in the Taylor email involved Colorado mineral owners.  Review of the deed related to that transaction, however, reflects that the minerals at issue were located in North Dakota.  *See also*, Taylor email, Dkt. # 9-2, p. 20, discussing minerals in the Williston Basin.

[2] *See* Dkt. # 1, ¶¶ 48-49.  All claims premised on the FIBT email were also dismissed in the Texas State Case.

Dated this 9th day of July 2024.

                                               Respectfully submitted,

                                       By: */s/ Charlene C. Koonce*
                                             Charlene C. Koonce
                                             Texas Bar No. 11672850
                                             charlene@brownfoxlaw.com
                                             BROWN FOX PLLC
                                             8111 Preston Road, Suite 300
                                             Dallas, TX 75225
                                             Tel. 214.327.5000
                                             Fax. 214.327.5001
                                             *Admitted Pro Hac Vice*

                                             */s/ Joshua A. Swanson*
                                             Joshua A. Swanson
                                             North Dakota Bar No. 06788
                                             VOGEL LAW FIRM
                                             218 NP Avenue
                                             PO Box 1389
                                             Fargo, ND 58107-1389
                                             701.237.6983
                                             jswanson@vogellaw.com

*Attorneys for Defendant Incline Energy Partners, L.P.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

                                             */s/ Charlene C. Koonce*
                                             Charlene C. Koonce