IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| PHOENIX CAPITAL GROUP HOLDINGS, LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. NO. 1:23-cv-00209 |
| INCLINE ENERGY PARTNERS, L.P. | | |
| Defendant. | | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
"NOTICE" AND REQUEST FOR STATUS CONFERENCE**

Incline Energy Partners, LP ("Incline" or "Defendant") responds to Phoenix's Notice and Request for Status Conference (the "Motion for Hearing," Dkt. 53) and in support, respectfully shows the Court as follows.

In previously obtaining leave to file "supplemental materials" several months ago, Phoenix inaccurately asserted Defendant had filed a "demonstrably false" Declaration in support of its *Colorado River* motion to dismiss.[1] Rather than demonstrating that anything in Defendant's Motions to Dismiss or the supporting evidence was false, however, and rather than filing "supplemental" materials that addressed Defendants' Motions to Dismiss, Phoenix filed a Motion for Leave to Amend[2] seeking to add implausible antitrust claims. Thus, as discussed more fully in Defendants' Response to that motion, Phoenix's first Motion for Leave to Amend sought to side-step Defendant's pending Motions to Dismiss.

As when Phoenix's sixth law firm, Latham & Watkins, appeared in this case and sought

---

[1] *See* Dkt. 28, 30.

[2] Dkt. 30

1

leave to file the "supplemental materials," Phoenix's eighth law firm[3] now seeks another bite at the briefing apple. Through its latest attorneys and the requested hearing, Phoenix purports to provide information about *another* motion for leave to file a *further* amended complaint, all while (1) Defendant's Rule 12(b)(6) and *Colorado River* motions to dismiss (the "Motions to Dismiss") are fully briefed and pending;[4] (2) Phoenix's first Motion for Leave to Amend is fully briefed and pending;[5] and (3) after the Texas State Case, which creates res judicata here, was dismissed with prejudice.[6]

In its Motion for Hearing, Pheonix fails to identify the basis for its possible amendment, explain why an amendment is appropriate so long after briefing was complete on the pending Motions to Dismiss and Phoenix's first Motion for Leave to Amend, how "considering options" regarding potential further amendments serves judicial efficiency, or indeed, why a hearing is needed to consider Phoenix's "options" or to provide information to the Court regarding such "options." On the contrary, as discussed in Defendant's Response to Phoenix's pending Motion for Leave to Amend, Rule 15's liberal standards do not require the Court to grant leave to amend, by granting the pending Motion for Leave or any future motion for leave. Instead, this Court may and should deny the Motion for Hearing, grant Defendant's Motion to Dismiss or Stay based on *Colorado River* and carry the pending (or any forthcoming) Motion for Leave to Amend until the stay is lifted in this case, after judgment is final in the Texas State Case.[7]

Defendant respectfully requests that the Court deny the Motion for Hearing and deny any

---

[3] A different law firm, Clare Locke, LLC has appeared on behalf of Adam Ferrari in the Texas Federal Lawsuit. Clare Locke has also filed a new lawsuit against Forbes based on an unflattering article published about Phoenix and Ferrari.

[4] Dkt. Nos. 6, 7, 8, and 9.

[5] *See* Dkt. Nos. 30, 31, 32, 37, 38 and 39.

[6] *See* Dkt. No. 42.

[7] *See* Dkt. 37, pp. 3, 6.

future motion for leave to amend.

          Respectfully submitted,

          By: */s/ Charlene C. Koonce*

  Cortney C. Thomas
    Texas Bar No. 24075153
    cort@brownfoxlaw.com
  Charlene C. Koonce
    Texas Bar No. 11672850
    charlene@brownfoxlaw.com
  BROWN FOX PLLC
  8111 Preston Road, Suite 300
  Dallas, TX  75225
  Tel. 214.327.5000
  Fax. 214.327.5001

  Brian E. Robison
  Texas Bar No. 00794547
  brian@brownfoxlaw.com
  BROWN FOX PLLC
  6303 Cowboys Way, Ste. 450
  Frisco, TX  75034
  Tel. 972.707.1860
  Fax. 214.327.5001

  Joshua A. Swanson
    North Dakota Bar No. 06788
    jswanson@vogellaw.com
  VOGEL LAW FIRM
  218 NP Avenue
  PO Box 1389
  Fargo, ND 58107-1389
  701.237.6983

  *Attorneys for Defendant Incline Energy Partners, L.P.*

## CERTIFICATE OF SERVICE

     Pursuant to Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure, as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.